Goeke, J., concurring: I agree with Judge Lauber’s concurring opinion and write separately only to point out a foreseeable valuation issue that may result from the strategy in this case at the time of a donor’s death. The Code is clear that “[t]he value of the gross estate of the decedent shall be determined by including * * * the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated.” Sec. 2031(a). Petitioner recognized that the donor’s legal right to have the donees pay any section 2035(b) estate tax liability is a new asset of the donor that must be included in her gross estate like any other contract right, indemnity right, or similar claim she owned at death. Petitioner’s position presumes the value of this obligation at death is the same as the calculated value at the time the asset is created. This presumption is illogical. The estate tax liability, and therefore the indemnity right, is going to depend on the facts and circumstances. If the donor dies after three years have passed since the date of the gift transaction, then the value of that “new asset” will be zero (i.e., no estate tax liability arises by virtue of section 2035(b)). If, however, the donor dies within that three-year period, then the indemnity right will be equal to whatever the estate tax liability actually is. This is in contrast to the value petitioner estimates with mortality table calculations. Consequently, the donees either could get a windfall (i.e., getting a gift tax discount and not paying any estate tax) or may end up suffering some serious repercussions necessitated by finding consideration (i.e., potentially paying a lot more in estate tax than is in accord with the discount they received). This issue is not before us now, but we should recognize the issue we create in finding the present promise to pay contingent estate tax may be consideration to the donor. Lauber, J., agrees with this concurring opinion.